## 63490. FARMERS & MERCHANTS BANK v. SMITH.

SHULMAN, Presiding Judge.

After appellee defaulted on an automobile loan, appellant bank filed suit on the note, seeking the unpaid balance of the note, interest thereon, and attorney fees. Appellee failed to file an answer in the allotted time, and his motion to open default was denied. In the same order, the trial court required appellant, as a condition precedent to the entry of a default judgment in its favor, to prove that it had complied with the provisions of Code Ann. § 96-1007. This appeal emanates from the latter portion of the trial court's order.

Code Ann. § 96-1007 contains procedures with which the seller or holder of a repossessed vehicle must comply before "any deficiency claim will lie against a buyer. . ." This statute is inapplicable to the case at bar since appellant's suit was not seeking a deficiency judgment but was, instead, a suit on a note. Appellee, in his motion to open default, raised the issue of a deficiency judgment as a meritorious defense to appellant's complaint, as required by Code Ann. § 81A-155 (b). When the motion was denied, the result was as if the defense raising the deficiency judgment issue had not been made. Since it then was not part of the record, the trial court erred when it considered it and when it conditioned the entry of default judgment for appellant on proof that appellant had complied with Code Ann. § 96-1007.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

DECIDED APRIL 29, 1982 —
REHEARING DENIED MAY 24, 1982 —

*Donald W. Huskins,* for appellant.
*James L. Cline, Jr.,* for appellee.